CHARLES LORSEN *vs.* J. T. WATERHOUSE *et al.*,
Executors of Will of J. D. MILLS, Deceased.

EXCEPTIONS FROM DECISION OF PRESTON, J., OVERRULING MOTION
FOR A NEW TRIAL.

OCTOBER TERM, 1888.

JUDD, C.J., McCULLY, PRESTON, BICKERTON and DOLE, JJ.

A motion for a new trial, on the ground that the verdict was against
the evidence, will not be granted if there is sufficient evidence in
support of the verdict to make it unnecessary to account for the
verdict on the ground of prejudice or mistake.

A rejection of a claim against the estate of a deceased person by the
executor or administrator must be definitely brought home to the
claimant, in order to bring the claim within the statute of 1876,
limiting the time for bringing suit, after rejection, to two
months.

OPINION OF THE COURT, BY DOLE, J.

This cause comes up on exceptions to Mr. Justice Preston's
decision overruling the defendants' motion for a new trial. The
motion was based upon exceptions to the verdict of the jury as
being contrary to the law and the evidence. The decision ex-
cepted to is as follows:

"This was an action brought against the defendants as
executors of J. D. Mills, deceased, to recover certain moneys
alleged to be due to the plaintiff from the defendants' testator
for services rendered as a nurse to him in his last sickness.

" The defendants, in addition to the general issue, pleaded that
the defendants in the month of November, 1887, rejected the
plaintiff's claim, and that suit was not brought within two
months.

" On behalf of the defendants, Mr. E. G. Hitchcock testified
that he called upon the plaintiff on behalf of the defendants,
being at that time their attorney, that he showed plaintiff a
statement of account (produced Exhibit C) between the de-

fendants and the plaintiff, showing a balance of about $17 due to the plaintiff, and told him the defendants would settle with him on that basis; that plaintiff would not accept it. That witness then said 'this is your bill,' meaning the bill rendered by the plaintiff; 'it is rejected;' plaintiff replied—I won't take it. 'I left it either on the table or work bench,' and took the other bill (account current) back. This was some time in Novmber last.

"The plaintiff testified that Mr. Hitchcock did not tell him that Mr. Lyman would not pay any more; that he offered the plaintiff a bill back; that plaintiff replied, I don't want it; that Hitchcock replied, 'You must take that bill back,' but did not leave it.

"The defendants put in a letter from Mr. Whiting, acting as attorney for the plaintiff, to the defendant Lyman, dated February 6th, 1888, wherein occurs the following passage: 'He (Lorsen) says that you, a short time ago, returned his bill or claim; will you please inform me where, and why you did so?'

"Mr. Lyman testified that in January, 1888, he told plaintiff he would not pay him any more; that he received Whiting's letter, but did not reply to it, because it was signed by Whiting, and I had already told plaintiff I would not pay any more.

"Evidence was also given as to conversations between Lyman, D. H. Hitchcock, E. G. Hitchcock and Mr. Creighton on behalf of plaintiff, at Hilo, in May last, as to the plaintiff's claim, and as to an action then pending as to some pictures.

"I told the jury that if they believed from the testimony that E. G. Hitchcock left the bill as he alleged with the plaintiff, it was a sufficient rejection of the claim, and drew their attention to the letter from Whiting.

"But that if they believed the plaintiff, the suit was brought in time, and they would find for the plaintiff such amount as they thought his services were worth, allowing the defendants' credit for $500 admitted to have been paid.

"The jury returned a verdict for the amount claimed ($1216) and did not allow the credit.

" The defendants' counsel excepted to the verdict as being against the law and the evidence.

" On the 20th of July, Mr. Smith, on behalf of the defendants, moved for a new trial on the following grounds: 1. That the verdict was contrary to the evidence. 2. That the verdict was contrary to the law as given to the jury by the Court.

" Mr. Creighton, on behalf of the plaintiff, took a preliminary objection, that notice of motion for a new trial had not been given at the time the exception to the verdict was taken, nor before the jury were discharged.

" Without giving any decision on this point, I decided to hear the parties on the merits.

" I think, however, under all the circumstances of the case, the defendants' counsel appearing to have misapprehended the rule as to the necessity of giving notice of motion for a new trial at the time of taking the exception, that no injustice will be done by overruling the objection.

" I cannot say on a review of the whole evidence that I am dissatisfied with the verdict, except as to the amount. The evidence was left to the jury, and they arrived at a conclusion which there was evidence to support.

" The plaintiff's counsel undertook to abandon the excess of five hundred dollars awarded by the jury, and on that being done, the judment may stand for seven hundred and sixteen dollars, otherwise there must be a new trial."

After this decision was made, the plaintiff filed his remittitur, renouncing the excess of five hundred dollars from the verdict, as required by the decision.

The real issue in this case is the question of fact, whether the defendants' executors rejected the plaintiff's claim more than two months before suit was brought. A rejection of a claim against a deceased estate, to be within the statute of limitation of actions upon such claims, must be definitely brought home to the claimant, or in other words, he must have positive information of such rejection. There being evidence upon this point both *pro* and *con*, it became a question of fact

for the jury to consider, and they rendered a verdict for the plaintiff. The presiding Justice, on a motion for a new trial said, "the evidence was left to the jury and they arrived at a conclusion, which there was evidence· to support." Upon examining the record of testimony furnished with the bill of exceptions, we think the motion for a new trial was properly overruled. There was sufficient evidence for and against the theory of the rejection of plaintiff's claim, by the executors more than two months before proceedings were begun, to make it a question for the jury. It is argued by defendants' counsel that the evidence tending to prove such rejection so greatly preponderates over the evidence denying it, that this Court would be justified in granting the motion for a new trial, and refers to authorities. The evidence which is preserved in the bill of exceptions is somewhat fragmentary, but we are able to gather from it, that the witness E. G. Hitchcock makes a statement tending to show a rejection by him, acting as the defendant's agent, of the plaintiff's claim in November, 1887 ; and that F· S. Lyman, one of the defendants, and D. H. Hitchcock, witness in the case, testify to circumstances tending to show a rejection by Lyman about the middle of January, 1888, neither of them appearing to be informed of any rejection of the claim previous to that time. Such an inconsistency in the defendants' evidence together with the plaintiff's strong denial may well have led the jury to doubt whether the defendants had definitely informed the plaintiff of their final rejection of his claim, either in November or January. Such doubt would naturally be strengthened by the considerable testimony of negotiations in May, 1888, between the parties for a compromise and settlement of all matters. Such testimony is very vague, but evidently refers to this claim among other issues. Although such evidence might not be considered by the jury as showing a re-opening of this claim, if once it had been barred by the statute, yet it would be evidence for them to consider in deciding the question whether the claim had been finally rejected in November or January and thereby barred. It does not appear

to us that the defendants' evidence upon this point so greatly preponderates as necessarily to show mistake or prejudice on the part of the jury, and we, therefore, overrule the exceptions.

*C. Creighton*, for plaintiff.

*W. O. Smith*, for defendant.